**UNITED STATES of America,**
**Appellee,**

v.

**Carmine J. PERSICO, Jr., et al.,**
**Appellants.**

**No. 263, Docket 71–1648.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 6, 1972.

Decided Jan. 13, 1972.

Maurice Edelbaum, New York City, for appellant Persico.

Roy M. Cohn, New York City, for appellant Albanese.

Henry J. Boitel, New York City, on the brief, for appellants Persico and Albanese.

Harry Rosenberg, Mineola, N. Y. (Rosenberg, Rosenberg & Rockman, Marc A. Rosenberg, Mineola, N. Y., on the brief), for appellant Spero.

Edmund Allen Rosner, New York City (Rosner & Rosner, Nancy Rosner, New York City, on the brief), for appellant McIntosh.

Shirley Baccus-Lobel, Atty., Dept. of Justice, Washington, D. C. (Robert A. Morse, U. S. Atty., E. D. N. Y., Sidney

M. Glazer, Atty. Dept. of Justice, on the brief), for appellee.

Before HAYS, FEINBERG and MANSFIELD, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Eastern District of New York, John F. Dooling, Jr., J., denying a motion for a new trial brought on the ground of newly discovered evidence. This case, arising out of the hijacking of a truck in July 1959, has been before this court on four prior occasions. On the last, we affirmed the convictions of these appellants after their fifth trial, United States v. Persico, 425 F.2d 1375 (1970); and the Supreme Court denied certiorari, 400 U.S. 869, 91 S.Ct. 102, 27 L.Ed.2d 108 (1970). Two days later appellants brought this motion.

The facts underlying the convictions are amply set forth in our prior opinions.[1] After a full hearing of the motion, Judge Dooling held that a new trial was not warranted by the proffered evidence adduced in late 1970 that the truck stolen in 1959 had been "spotted" for appellants by one of the trucking company's regular loaders rather than by government witness and alleged co-conspirator Gasper Vaccaro, that the truck had been loaded at a location other than the one testified to by Vaccaro, and that Vaccaro had taken bets in 1965 and 1966 while employed as a bartender. Despite appellants' strenuous efforts to portray this evidence as extremely significant and as unobtainable before the fifth trial, we are unpersuaded. The constitutional arguments made are similarly without merit. We affirm the order of the district court.

The mandate shall issue forthwith.

1. In addition to the opinion cited in the text, see also United States v. Persico, 2 Cir., 305 F.2d 534 (1962) ; United States v. Persico, 2 Cir., 349 F.2d 6 (1965) ; United States v. Dooling, 2 Cir., 406 F.2d 192, cert. denied, Persico v.

United States, 395 U.S. 911, 89 S.Ct. 1744, 23 L.Ed.2d 224 (1969).